ZACHARY J. PEKELIS, WSBA #44557
KAI A. SMITH, WSBA #54749
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA BANTA, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT W. FERGUSON, *et al.*,<br><br>　　　　　　　Defendants. | No.  2:23-cv-00112-MKD<br><br>MOTION TO INTERVENE<br><br>**NOTED ON MOTION CALENDAR:**<br>June 12, 2023<br>Without Oral Argument |

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... 1

II. FACTUAL BACKGROUND .................................................................. 2

    A. SHB 1240's Purpose and Scope .................................................... 2

    B. The Alliance Was the Primary Organizer of Support to Pass SHB 1240 ......................................................................................... 3

    C. Plaintiff's Lawsuit ........................................................................ 5

III. AUTHORITY AND ARGUMENT ......................................................... 5

    A. The Court Should Grant Permissive Intervention. ....................... 5

        1. The Alliance's defense shares common questions of law and fact ................................................................................ 6

        2. The remaining requirements are met or are inapplicable .... 7

        3. Additional factors weigh in favor of permissive intervention ........................................................................ 9

IV. CONCLUSION ...................................................................................... 10

MOTION TO INTERVENE - i
Case No. 2:23-cv-00112-MKD

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# I. INTRODUCTION

The Alliance for Gun Responsibility (the "Alliance") seeks to intervene in this lawsuit to defend the constitutionality of a common-sense gun safety law the Alliance spent over seven years working to enact. Substitute House Bill 1240 ("SHB 1240" or "the Law") seeks to improve public safety and reduce mass shootings by limiting the manufacture, import, and sale of assault weapons, which allow shooters to fire large numbers of rounds quickly and have been used in the deadliest mass shootings over the past decade. For more than seven years, the Alliance actively assisted in developing and researching these limits and was ultimately the primary organizer of public support for the passage of SHB 1240. The Alliance coordinated tens of thousands of communications to legislators and facilitated the testimony of both experts and gun violence survivors in support of the bill. Having invested considerable organizational resources to achieve SHB 1240's enactment, the Alliance seeks to defend the law against Plaintiffs' suit, which aims to undo its work and strike down the law.

Permissive intervention is warranted. The Alliance's defense of SHB 1240 has common questions of law and fact with this litigation – namely, whether the Law is constitutional. Second, this Motion is timely and will not cause undue delay or prejudice to the other parties: the lawsuit was initiated only two weeks ago, and the Court has not made any substantive rulings. Further, the "independent jurisdiction grounds" requirement is inapplicable because the Alliance does not intend to assert any state-law claim in this federal-question case. Finally, the Alliance has unique and valuable expertise with respect to firearms and gun violence. As in *Brumback v.*

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Ferguson*, 343 F.R.D. 335, 339 (E.D. Wash. 2022) (Dimke, J.), this Court should grant the Alliance's Motion.

Before filing this Motion, the Alliance informed all parties' counsel of its intent to intervene and to request their position on this Motion. Plaintiffs do not oppose the Motion "on the understanding that the intervention will not create an imbalance in the pages or argument time allotted to each side." As of this filing, counsel for Defendants Robert Ferguson and John Batiste have not yet responded.

## II.    FACTUAL BACKGROUND

### A. SHB 1240's Purpose and Scope

On April 19, 2023, the legislature passed SHB 1240, and on April 25, Governor Inslee signed the bill into law. The purpose of SHB 1240 is straightforward: to increase the public health and safety of Washingtonians and reduce the risk of mass shootings. 2023 Wash. Laws ch. 162, § 1. The Law seeks to accomplish that goal by prohibiting the manufacture, importation, distribution, sale, and offering for sale of assault weapons with limited exemptions. *Id*. § 3.

As the legislature found in enacting the law, an assailant with an assault weapon can hurt and kill twice the number of people than an assailant with a handgun or non-assault rifle. *Id*. § 1. This is because the additional features of an assault weapon allow shooters to fire large numbers of rounds quickly. *Id*. Assault weapons have been used in the deadliest mass shootings in the last decade. *Id*. An analysis of mass shootings that resulted in four or more deaths found that 85% of those fatalities were causes by an assault weapon. *Id*. The legislature found that this regulation of assault weapons is likely to limit the number of mass shootings committed in

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  Washington. *Id*. Moreover, the legislature found that assault weapons are not
2  suitable for and not statistically used in self-defense. *Id*.

3  SHB 1240 regulates assault weapons in two respects. First, it prohibits as a
4  gross misdemeanor any person in Washington from manufacturing, importing,
5  distributing, selling, or offering for sale any assault weapon. *Id*. § 3. The Law
6  creates exceptions for: any branch of the armed forces of the United States or the
7  State of Washington; law enforcement agencies in Washington; out-of-state
8  residents by a licensed firearms manufacturer; persons who no longer wish to own
9  an assault weapon; out-of-state sale or transfer of the existing stock of assault
10 weapons by a licensed dealer for a limited period of time; and the receipt of an
11 assault weapon through inheritance. *Id*. § 3. Second, SHB 1240 makes the
12 manufacturing, importation, distribution, sale, or offering for sale of any assault
13 weapon "an unfair or deceptive act in trade or commerce and an unfair method of
14 competition" under the Consumer Protection Act, RCW ch. 19.86. *Id*. § 4 (to be
15 codified at ch. 9.41 RCW).

**B. The Alliance Was the Primary Organizer of Support to Pass SHB 1240**

The Alliance is a Washington-based nonprofit organization dedicated to ending gun violence and promoting a culture of gun ownership that balances rights with responsibilities. Declaration of Renee Hopkins ("Hopkins Decl.") ¶ 2.[1] In collaboration with local and national experts, civic leaders, and citizens, the Alliance identifies and advocates for evidence-based solutions to the crisis of gun violence and promotes those solutions at the local, regional, and state levels. *Id*.

---

[1] The Hopkins Declaration is Exhibit A to the Declaration of Kai Smith.

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    The Alliance has successfully led statewide coalitions to pass several
2 landmark ballot measures to improve Washington's firearm laws. *Id*. ¶ 3. Those
3 measures include Initiative 594, which required background checks for all gun sales
4 – closing a loophole that had allowed sales by "private sellers" at gun shows, on the
5 internet, and in other situations without background checks. *Id*. They also include
6 Initiative Measure 1491, which allowed courts to issue Extreme Risk Protection
7 Orders at the request of law-enforcement officers, family members, and others to
8 keep firearms out of the hands of someone deemed a danger. *Id*. And in 2018, the
9 Alliance successfully led the campaign – through a political committee it established
10 – for Initiative Measure No. 1639, which established firearm safety training
11 requirements and a 10-day waiting period to buy a semi-automatic assault rifle, and
12 raised the age for purchase of semi-automatic assault rifles from 18 to 21. *Id*. The
13 Alliance successfully intervened to defend I-594 and I-1639, and the Alliance is
14 currently an intervenor-defendant in two lawsuits challenging ESSB 5078. *Id*. ¶ 4,
15 5; *see Brumback*, 343 F.R.D. at 339 (Dimke, J.) (granting intervention to Alliance);
16 *Sullivan v. Ferguson*, No. 3:22-CV-05403-DGE, 2022 WL 10428165, at *6 (W.D.
17 Wash. Oct. 18, 2022) (same).

18    With respect to assault weapons specifically, the Alliance spent more than
19 seven years working to enact the legislation that was ultimately embodied in SHB
20 1240. *Id*. ¶ 6. The Alliance actively assisted in policy research and development,
21 assisted in drafting proposed bill language, and recruited experts to provide analysis
22 of and legislative testimony on the special dangers of assault weapons and the
24 efficacy of prohibitions on their sale and distribution. *Id*. The Alliance also was the
25 primary organizer of public support for passage of SHB 1240, coordinating

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. *Id*. Alliance staff and board members also testified in support of the Law. *Id*. In an acknowledgment of the Alliance's leading role, its CEO and members attended the signing ceremony for the Law. *Id*. ¶ 7.

**C. Plaintiff's Lawsuit**

On April 25, 2023, the same day the governor signed SHB 1240 into law, Plaintiffs filed this lawsuit. Dkt. # 1. No Defendant has answered the Complaint, no discovery has been propounded, and no substantive ruling has been made.

### III.   AUTHORITY AND ARGUMENT

A party may intervene in an action by permission. Fed. R. Civ. P. 24. This rule "has received a liberal construction in favor of applications for intervention." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (cleaned up). Here, permissive intervention is warranted.

**A. The Court Should Grant Permissive Intervention.**

Permissive intervention is warranted under Rule 24(b)(1): "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 5

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

When the above threshold criteria are met, a court has broad discretion in granting intervention. *See Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011). In exercising its discretion, courts in the Ninth Circuit generally examine several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[.] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These factors are "nonexclusive," *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998), and "[c]ourts are free to consider other factors in their analysis." *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018) (unpublished).

### 1. The Alliance's defense shares common questions of law and fact

A would-be permissive intervenor's defense must share a common question of law or fact with the main action. The defense need only have "relation to the subject matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993).

This Court has previously held that the Alliance raised common questions of law and fact in a case defending the constitutionality of a law it supported. *Brumback*, 343 F.R.D. at 346 (concluding defenses the Alliance sought to bring "clearly relate[d] to the subject matter of the action, namely, the constitutionality of ESSB 5078"); *see also Sullivan*, 2022 WL 10428165, at *5 (W.D. Wash. Oct. 18,

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 6

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

2022) (determining the Alliance shared a common question of law and fact between their purported defense and those in the case at hand); *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) (Alliance presented common questions of law and fact in challenge to I-594); *Mitchell v. State*, No. 3:18-cv-5931, Dkt. #19 (W.D. Wash. Jan. 2, 2019) (permitting Alliance's political committee to intervene in challenge to I-1639); *Mitchell v. Atkins*, No. 3:19-cv-05106, Dkt. #35 (W.D. Wash. Apr. 2, 2019) (same).

The situation here is no different. The Alliance seeks to defend the law that it worked for over seven years to pass. The proposed defense of SHB 1240 addresses the exact issues raised by Plaintiffs' claims – i.e., whether SHB 1240 is constitutional – and thus shares common questions of law and fact with the allegations in this proceeding. The Alliance meets the first requirement for permissive intervention.

**2.    The remaining requirements are met or are inapplicable.**

The timeliness requirement is met. In evaluating timeliness, the Ninth Circuit considers: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for intervention. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (noting that the Ninth Circuit considers "precisely the same three factors . . . in determining timeliness under Rule 24(a)" or intervention as a matter of right). The Ninth Circuit has held that motions to intervene as late as four months after the filing of an initial complaint were timely. *See, e.g., Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). And existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings. *See, e.g., Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 7

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Here, the Alliance seeks intervention just two weeks after the lawsuit was initiated and before any discovery or substantive rulings. This motion is timely. *See Babbitt*, 58 F.3d at 1397 ("The intervention motion was filed at a very early stage, before any hearings or rulings on substantive matters."). Indeed, this Court permitted the Alliance to intervene 13 days after the complaint was filed and six days after the first Notice of Removal was filed to defend ESSB 5078. *Brumback*, 343 F.R.D. at 341, 345. Similarly, the Western District of Washington permitted the Alliance and other parties to intervene to defend I-594 two months after the complaint was filed and after the existing defendant filed an answer. *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) ("[T]here is no prejudice to the other parties because the motion is filed very early in the proceedings and that there has been no delay . . . to file their motion."); *see also Sullivan*, 2022 WL 10428165, at *2 (Alliance's motion timely where it intervened six weeks after initial filing and prior to any substantive hearings or the dispositive rulings). Here, too, intervention here will enable the Alliance to participate from the case's early stages without disrupting or delaying the proceedings or prejudicing any party.

Additionally, the requirement of "independent jurisdictional grounds" is inapplicable: it "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new [state-law] claims." *Freedom from Religion Found.*, 644 F.3d at 844. The Alliance does not seek to assert any new state law claims in this federal-question case. Thus, the Alliance satisfies this element. *See Brumback*, 343 F.R.D. at 345-46.

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 8

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 3. Additional factors weigh in favor of permissive intervention.

Several *Spangler* discretionary factors weigh in favor of permitting intervention. Given the Alliance's involvement and investment in advancing assault weapon restrictions generally and SHB 1240 specifically, the Alliance has significant interests in defending the Law. Further, the Alliance was in the singular position to coordinate thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. Hopkins Decl. ¶ 6; *see Brumback*, 343 F.R.D. at 346 (stating, in granting intervention, that, "[t]he expertise that the Alliance offers in the particular subject matter of this case is likely to be useful and its presence will ensure that the perspective of those who supported ESSB 5078 is present."). Thus, the Alliance's participation will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues. *See, e.g., Nw. Sch. of Safety*, 2015 WL 1311522, at *2; *Doe v. Harris*, No. C12-5713 THE, 2013 WL 140053, at *1 (N.D. Cal. Jan. 10, 2013) ("Proponents seek only to ensure that their perspective on the matters at the heart of this litigation are given due consideration" and their "potential . . . to make such contributions outweighs the as yet abstract danger that delay or prejudice to the original parties could result").[2]

---

[2] In the interest of moving to intervene at the earliest possible opportunity, the Alliance is not filing contemporaneously with its Motion a proposed answer. Although CR 24(c) provides that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought," it is well-established that this is not a strict requirement, particularly in constitutional

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 9

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## IV. CONCLUSION

The Alliance respectfully requests that the Court grant its Motion to Intervene.

DATED this 11th day of May, 2023.

PACIFICA LAW GROUP LLP

*s/ Zachary J. Pekelis*
ZACHARY J. PEKELIS, WSBA #44557
KAI A. SMITH, WSBA #54749
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700
Zach.Pekelis@PacificaLawGroup.com
Kai.Smith@PacificaLawGroup.com

*Attorneys for Proposed Intervenor-Defendant Alliance for Gun Responsibility*

---

cases such as this one where the proposed intervenor's legal position is clear. *See, e.g.*, *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (concluding that failure to comply with federal equivalent of CR 24(c)'s pleading requirement was not ground for denying motion to intervene); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."). The Alliance intends to file a proposed answer by May 25, 2023.

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 10

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## CERTIFICATE OF SERVICE

On the 11th day of May, 2023, I caused to be served, via ECF electronic service, a true copy of the foregoing Motion to Intervene upon all counsel registered for e-service.

DATED this 11th day of May, 2023.

_____
Erica Knerr

MOTION TO INTERVENE
Case No. 2:23-cv-00112-MKD - 11

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750